UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
MARCO CAVARA and
MASSIMO MAZZACCONE,

                         Plaintiffs,

                             v.

PETRÓLEOS DE VENEZUELA, S.A.,

                         Defendant.
-----------------------------------------------------------------------x

Civil Index No. 1:26-cv-00560

## COMPLAINT

Marco Cavara and Massimo Mazzaccone (each a "Plaintiff", and collectively, the "Plaintiffs"), by their undersigned counsel, as and for their Complaint against defendant Petróleos de Venezuela, S.A. ("PDVSA"), allege as follows:

### NATURE OF THE ACTION

1. This is a breach of contract action arising from PDVSA's failure to make contractually mandated payments on certain securities as described below (the "Securities"), held by Plaintiffs and issued by PDVSA pursuant to indentures as described below (individually, an "Indenture" and collectively, the "Indentures"). For their relief, Plaintiffs seek payments of the unpaid principal of, and the accrued and unpaid interest on, their Securities, as provided in the Indentures and in the Securities themselves, under New York law.

### THE PARTIES

2. Plaintiff Marco Cavara is a natural person who is a citizen and resident of Italy.

3. Plaintiff Massimo Mazzaccone is a natural person who is a citizen and resident of Italy.

4. Defendant PDVSA is a capital stock corporation organized under the laws of the Bolivarian Republic of Venezuela (the "Republic"), majority-owned by the Republic, which is a foreign state as defined in 28 U.S.C. § 1603; PDVSA is therefore an agency or instrumentality of a foreign state as defined in 28 U.S.C. § 1603.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1330(a), as PDVSA is a foreign capital stock corporation owned directly by the Republic, which is a foreign state pursuant to 28 U.S.C. § 1603.

6. PDVSA has explicitly and unconditionally waived sovereign immunity under Section 10.10(c) of the Indentures with respect to actions arising out of or based on the securities issued pursuant to the Indentures, or arising out of or based on the Indentures themselves, by holders of the securities issued thereunder, and is, therefore, not entitled to immunity under 28 U.S.C. §§ 1605-07 or under any applicable international agreement with respect to the claims asserted in this action.

7. In addition, this Court has personal jurisdiction over PDVSA because PDVSA regularly conducts business in New York and PDVSA consented in Section 10.10(a) of the Indentures to submit to the jurisdiction of this Court, with respect to actions by holders of securities issued under the Indentures, arising out of or based on such securities, or arising out of or based on the Indentures themselves.

8. Venue is proper in this district because PDVSA irrevocably consented to venue under Section 10.10(a) of the Indentures with respect to actions brought in this Court in connection with the Indenture or the Securities pursuant to 28 U.S.C. § 1391(f).

9. In a Joint Stipulation of Dismissal Without Prejudice entered by this Court on August 16, 2024 in the matter of *Canosa Martinez et al. v. PDVSA*, 23-cv-08923-JMF (S.D.N.Y.),

PDVSA agreed that a certified mailing of a summons and complaint to the law firm of Vinson & Elkins, located at 1114 Avenue of the Americas, New York, NY 10036 would constitute proper service of process in any action based on the Securities filed more that fifteen months after the filing of the Joint Stipulation of Dismissal Without Prejudice.

## FACTUAL ALLEGATIONS

10. On or about February 17, 2011, PDVSA, PDVSA Petróleo, S.A., as guarantor, and the Wilmington Trust Company, as trustee, entered into a contract referred to herein as the "2011 February Indenture." The 2011 February Indenture is governed by the laws of the State of New York. A true and accurate copy of the 2011 February Indenture, with the forms of the Securities attached as exhibits thereto, is attached as **Exhibit A**.

11. On or about November 17, 2011, PDVSA, PDVSA Petróleo, S.A., as guarantor, and the Delaware Trust Company, as trustee, entered into a contract referred to herein as the "2011 November Indenture." The 2011 November Indenture is governed by the laws of the State of New York. A true and accurate copy of the 2011 November Indenture, with the forms of the Securities attached as exhibits thereto, is attached as **Exhibit B**.

12. On or about November 15, 2013, PDVSA, PDVSA Petróleo, S.A., as guarantor, and the Delaware Trust Company, as trustee, entered into a contract referred to herein as the "2013 Indenture." The 2013 Indenture is governed by the laws of the State of New York. A true and accurate copy of the 2013 Indenture, with the forms of the Securities attached as exhibits thereto, is attached as **Exhibit C**.

13. From time to time, PDVSA has issued Securities under the terms of the Indentures. The principal amount, interest rate, payment dates, and other relevant terms are set forth in the Securities themselves and the offering documents for each series. Plaintiffs' Securities

(sometimes referred to as bonds or notes) represent duly issued and valid unconditional obligations of PDVSA. The Securities have been issued in series identified by ISIN number.

14. Plaintiffs hold beneficial interests in, and are the beneficial owners of, a substantial amount of the Securities, all of which they purchased in 2017 for investment purposes. Specifically, Plaintiffs are the beneficial owners of Securities as follows:

| ISIN No. | Indenture | Maturity Date | Interest Rate | Principal Amount Held by Plaintiff(s) |
|---|---|---|---|---|
| USP7807HAM71 | 2011 February Indenture | 02/17/2022 | 12.75% | $40,000 – Massimo Mazzaccone |
| USP7807HAP03 | 2011 November Indenture | 11/17/2021 | 9.000% | $40,000 – Massimo Mazzaccone |
| USP7807HAR68 | 2013 Indenture | 11/15/2026 | 6.000% | $1,900 – Marco Cavara |

15. The Indentures provide that PDVSA must repay principal on a series of Securities on the corresponding Maturity Date shown in the chart above.

16. The Indentures also require PDVSA to make semi-annual interest payments on the Securities on the dates shown in the chart below, until the principal is paid or fully provided for:

| ISIN No. | Scheduled Payment Dates | First Missed Interest Payment | Interest Default Date | Current Amount of Unpaid Interest on Securities Held by Plaintiff(s) |
|---|---|---|---|---|
| USP7807HAM71 | Feb 17, Aug 17 | 02/17/2018 | 03/19/2018 | $40,800 – Massimo Mazzaccone |
| USP7807HAP03 | May 17, Nov 17 | 11/17/2017 | 12/17/2017 | $30,600 – Massimo Mazzaccone |
| USP7807HAR68 | May 17, Nov 17 | 11/17/2017 | 06/16/2017 | $969 – Marco Cavara |

4

17.     Beginning in November 2017, PDVSA began to cease meeting its obligations under the Securities. Since then, no payment of principal and no further interest payments have been made under the Securities.

18.     The terms and conditions of the Securities provide that an "Event of Default," as stated under Section 5.01(a) of the Indentures, occurs if PDVSA fails to pay the principal, interest, or other amounts due on the Securities when due, and such failure continues for a period of 30 days.

19.     Because PDVSA has failed to make principal and interest payments due on the Securities for thirty days or more, multiple events of default exist under the terms of each series of the Securities.

20.     PDVSA has missed the following payments for each of the series:

| ISIN | Missed Scheduled Payments |
|---|---|
| USP7807HAM71 | February 17, 2018; August 17, 2018; February 17, 2019; August 17, 2019; February 17, 2020; August 17, 2020; February 17, 2021; August 17, 2021; February 17, 2022; August 17, 2022; February 17, 2023; August 17, 2023; February 17, 2024; August 17, 2024; February 17, 2025; August 17, 2025. |
| USP7807HAP03 | November 17, 2017; May 17, 2018; November 17, 2018; May 17, 2019; November 17, 2019; May 17, 2020; November 17, 2020; May 17, 2021; November 17, 2021; May 17, 2022; November 17, 2022; May 17, 2023; November 17, 2023; May 17, 2024; November 17, 2024; May 17, 2025; November 17, 2025. |
| USP7807HAR68 | November 17, 2017; May 17, 2018; November 17, 2018; May 17, 2019; November 17, 2019; May 17, 2020; November 17, 2020; May 17, 2021; November 17, 2021; May 17, 2022; November 17, 2022; May 17, 2023; November 17, 2023; May 17, 2024; November 17, 2024; May 17, 2025; November 17, 2025. |

21.     Plaintiffs' Securities are all outstanding under the terms of their respective Indentures.

22. Plaintiffs have received authorization to assert their claims as the beneficial owners of the Securities.

23. On or about April 21, 2023, each Plaintiff sent a demand, via Canada Post's Registered International Service, to PDVSA at its address in Caracas for payment of the amounts of unpaid principal and/or interest on Plaintiffs' Securities at that date.

24. Despite these demands, PDVSA has failed to make any payments of unpaid principal and/or interest on Plaintiffs' Securities.

## **CLAIM FOR RELIEF**
### **(For Breach of Contract on Plaintiffs' Securities)**

25. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 24 herein.

26. Plaintiffs purchased their Securities for good and valuable consideration in 2017.

27. The Securities were duly issued by PDVSA pursuant to the Indentures and are valid and unconditional obligations of PDVSA.

28. There exists a valid, binding and enforceable contract between Plaintiffs, as holders of the Securities under the Indentures, and PDVSA, as the obligor under the Indenture and the Securities.

29. The Securities are outstanding under the terms of the Indentures.

30. PDVSA has failed to make any further payments of principal and interest on the Securities since default.

31. Plaintiffs have performed and complied with all terms and obligations under the contracts with respect to the Indentures and the Securities.

32. PDVSA has breached its contractual obligations to Plaintiffs to make timely payments under the Indentures and the Securities as described herein.

33. PDVSA is liable to Plaintiffs for the amount of unpaid interest and principal, plus additional amounts of principal of, and interest on, Plaintiffs' Securities as such amounts accrue, become due, and remain unpaid by PDVSA, plus interest thereon.

WHEREFORE, Plaintiffs demand judgment against PDVSA, as follows:

i. Awarding Plaintiff Marco Cavara damages against PDVSA in the amount of at least $2,869, plus interest. The foregoing amount includes the total principal owed to Plaintiffs ($1,900), plus the total missed interest payments owed to Plaintiffs ($969);

ii. Awarding Plaintiff Massimo Mazzaccone damages against PDVSA in the amount of at least $151,400, plus interest. The foregoing amount includes the total principal owed to Plaintiffs ($80,000), plus the total missed interest payments owed to Plaintiffs ($71,400); and

iii. Awarding Plaintiffs their costs, attorneys' fees, and such other further relief as this Court shall deem just and proper.

Dated: New York, New York
January 21, 2026

**DUANE MORRIS LLP**

By: _____s/David T. Taggart_____
David T. McTaggart
dtmctaggart@duanemorris.com
22 Vanderbilt
335 Madison Avenue, 23rd Floor
New York, NY 10017-4669
Telephone: +1 212 471 1814
Fax: +1 212 202 4931

*Attorney for Plaintiffs*